UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BULBS 4 EAST SIDE, INC.,
D/B/A JUST BULBS

        Plaintiff,

VS.

GREGORY RICKS, and JOHN DOES
1 through 10

        Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§

C.A. NO.

JURY DEMAND

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, alleges as follows:

1.      Plaintiff, Bulbs 4 East Side Inc., d/b/a Just Bulbs ("**Just Bulbs**"), a leading supplier of light bulbs of all shapes and sizes, brings this action against defendant cybersquatter(s) acting in bad faith.

2.      Defendants have registered the domain name www.justbulbs.com (the "**Domain Name**") and are using it for the sale of light bulbs, through which defendants unlawfully use Just Bulbs' trade name and service mark to prey on the goodwill and reputation that Just Bulbs has developed over the past 33 years by misdirecting unwitting consumers looking for Just Bulbs' website to defendants' infringing site. Just Bulbs seeks transfer of the Domain Name, damages, and all other appropriate relief.

### A.    The Parties

3.      Plaintiff, Just Bulbs, is a New York corporation with its principal place of business located in New York, New York.

4.      Defendant, Gregory Ricks, is the registrant, administrative contact and technical contact for the Domain Name.

5.      In connection with registering the Domain name, Ricks stated that he maintains an address at 4702 Johnson Creek Loop, 77845 College Station, Texas.

6.     Just Bulbs has been unable to determine the true names and capacities of defendants Does 1 through 10 (collectively referred to as the "**Doe Defendants**"), which are affiliated with Ricks.  Just Bulbs is informed and believes, and therefore alleges, that Doe Defendants are the agents, partners, joint-ventures, co-conspirators, owners, principals, successors, and predecessors of Ricks and are in some manner responsible or legally liable for the events, actions, transactions, and circumstances alleged herein.  Just Bulbs is informed and believes, and therefore alleges, that Ricks sometimes operates or operated under the assumed name Motherboards.com.

7.     Just Bulbs is informed and believes, and therefore alleges, that other entities that cannot yet be known may have committed the unlawful acts that Just Bulbs alleges.  Just Bulbs will seek leave of the Court to amend this Complaint after discovery to state the true names and capacities of these entities or any other Doe Defendants.

### B.     Jurisdiction and Venue

8.     This Court has federal question jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, diversity jurisdiction pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

9.     Venue is proper in this District under 28 U.S.C. § 1391 because defendant Ricks resides or maintains an office for transacting business in this District and because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District.

### C.     Previous Procedural History

10.     Since 1983, Plaintiff or its predecessors have owned the registered service mark, JUST BULBS, United States Patent and Trademark Office registration number 1,234,998, in connection with "retail store service specializing in light bulbs."   A true and correct copy of said registration is attached and made **Exhibit A** hereto.

11.     As duly recorded with the United States Patent and Trademark Office ("**USPTO**"): (a) Just Bulbs Ltd. applied for, and on April 12, 1983 received, registration for the service mark JUST BULBS (see Ex. A); (b) Just Bulbs Ltd. merged with Superiority Inc., and provided to Superiority authorization to use JUST BULBS, as of August 15, 1995; (c) pursuant to such authorization, by assumed name certificate dated December 27, 1995, Superiority Inc. was "doing business as" JUST BULBS; and (d) by assignment dated October 13, 2008, Just Bulbs Ltd. assigned the registration for JUST BULBS to plaintiff, Bulbs 4 East Side Inc.  True and correct copies of the recordations at the USPTO of the foregoing merger, assumed name certificate, and assignment documents are annexed and made **Exhibit B** hereto.

12.     Before commencing this lawsuit, plaintiff sought to obtain transfer of the Domain Name from defendant to plaintiff through arbitration determined by the  World Intellectual Property Organization ("**WIPO**") in accordance with the Uniform Domain Name Dispute Resolution Policy (**the "Policy"**), approved by the Internet Corporation for Assigned Names and Numbers ("**ICANN**") on October 24, 1999.     Thus, plaintiff's predecessor-in-interest filed Superiority, Inc. d/b/a Just Bulbs v. none/ Motherboards.com, WIPO Case No. D2003-0491, dated October 10, 2003.  The respondent in the Superiority case was owned, supervised and/or controlled by defendant Ricks.

13.     The WIPO arbitration panel in the Superiority case denied the complaint.  The panel found that plaintiff had not proven that the respondent lacked legitimate interests in respect of the Domain Name, because although the respondent initially was selling light bulbs, it used "Just Bulbs" in its descriptive sense and there was no evidence that, at the time of the Domain Name registration, the respondent was aware of the plaintiff's JUST BULBS service mark.  The panel in the *Superiority* case also noted that the respondent there "evinced good faith by removing light bulb advertisements from its site subsequent to being notified of the dispute" and

3

commencing to advertise flower bulbs at the website. Accordingly, the panel held, "Respondent has a legitimate interest in using the domain name for flower bulbs."

14.     The panel in Superiority further observed that "this is not a case where Respondent is deliberately benefitting from the use of the trademark meaning of JUST BULBS by funneling traffic to its site," and therefore concluded as follows: "Since Respondent has represented that it will not resume advertising light bulbs, Respondent's use of the domain name as a portal for customers interested in flower bulbs is sufficient to demonstrate a legitimate interest and a *bona fide* use of the domain name."

15.     In October 2008, Superiority transferred the entire interest in the JUST BULBS service mark to plaintiff Bulbs 4 East Side Inc. Plaintiff continues to use JUST BULBS in connection with selling light bulbs. Plaintiff has been using a website located at www.justbulbsnyc.com and www.justbulbs.nyc in connection with its business.

16.     By complaint dated October 14, 2013, plaintiff commenced a second UDRP entitled Bulbs 4 East Side Inc., d/b/a Just Bulbs v. Fundacion Private Whois/ Gregory Ricks, WIPO Case No. D2013-1779, because relevant new facts arose after the Superiority decision.

17.     In the second WIPO complaint, plaintiff argued that defendant engaged in bad faith as shown by the following:

      (a)    Defendant Gregory Ricks ceased using JUST BULBS for flower bulbs (a central fact in the Superiority decision) and has been using JUST BULBS for light bulbs (the same goods and services that are the subject of plaintiff's registered trademark);

      (b)    At the time it commenced use of the Domain Name for plaintiff's goods, defendant Ricks knew of plaintiff's trademark, goods and services from having participated in the Superiority case, but chose to use the Domain Name in connection with goods and services identical to plaintiff's;

      (c)    Defendant Ricks effectively re-registered the Domain Name because during the pendency of the Superiority case he moved the

Domain Name registration from one privacy or proxy service (NameSecure.com) to another (Internet.bs Corp.); and

(d)     At that time, defendant Ricks repeatedly engaged, over the course of the eleven years ensuing since the Superiority case, in similarly moving domain name registration from one privacy or proxy service to another, as set forth in no less than 148 WIPO UDRP cases in which he was the respondent.

18.     The WIPO panel in the second case denied the complaint. It held that defendant's movement from one privacy/proxy service to another did not result in a "new" registration because the record otherwise showed that the same party maintained the ownership of the Domain Name registration.

19.     Thus, the WIPO panel limited its inquiry, pursuant to the ICANN Policy, to whether the domain name was registered in bad faith; determined that defendant's initial registration of the Domain Name was not in bad faith, as set forth in the Superiority case; and rejected plaintiff's UDRP complaint.

20.     However, the WIPO panel in the second decision held that "***Respondent is now using the Domain Name in bad faith***, since today Respondent is clearly aware of Complainant's mark [from arbitration of the Superiority case].

21.     The panel also added the following:

> Finally, the Panel observes that the Policy is not the appropriate vehicle for resolving all disputes involving domain names. The courts of law remain open to address the needs of aggrieved trademark owners in a much wider array of circumstances. Further, unlike courts of law, panels serving under the Policy are not well equipped to retain supervisory jurisdiction over parties to ensure that they will carry out their promises, such as the representation by Respondent in the *Superiority* case that he would cease using the Domain Name in connection with light bulbs (although such actions may be relevant, as is the case here, to a panel when considering use in bad faith under the Policy). In short, under the circumstances of this refiled case, Complainant must seek its relief elsewhere.

22.     Thus, plaintiff commenced this case.

### D.    Just Bulbs' Services and Marks

23.    Since at least June 30, 1981, Just Bulbs has used the JUST BULBS service mark in commerce in connection with its provision of retail light bulb services.

24.    Just Bulbs operates a website at www.justbulbsnyc.com (the **"Plaintiff's Website"**).

25.    Just Bulbs has a federal trademark registration, no. 1,234,998, for the mark JUST BULBS for the following services in Class 41:  retail store service specializing in light bulbs.

26.    This registration, no. 1,234,998, has been duly renewed, and is valid, enforceable, and incontestable under section 15 of the Lanham Act, 15 U.S.C. § 1065.

27.    In addition to its federal registrations and applications relating to JUST BULBS marks, Just Bulbs has developed extensive common law rights in the mark JUST BULBS as a result of its continuous use of and investment, for over thirty-three years, in the JUST BULBS mark and related marks.

28.    Because of Just Bulbs' nationwide promotion of the goods and services offered under the JUST BULBS mark, JUST BULBS has become widely recognized, distinctive, and famous throughout the United States.

### E.    Defendants' Unlawful Conduct

29.    Just Bulbs believes, and therefore alleges, that defendants are cybersquatters who knowingly acquire domain names that closely resemble the marks of legitimate businesses.

30.    Defendants use domain names resembling marks of legitimate businesses to operate websites that contain advertising for and hyperlinks to various products and services, including products and services competing with those of the legitimate business.

31.    Consumers looking for the websites of legitimate businesses may unwittingly reach defendants' websites by mistyping the legitimate business's website name into their web

browser, wrongly guessing the legitimate business's website name, or by mistakenly clicking on links to defendants' website when it appears among results in search engines.

32.     Just Bulbs is informed and believes, and therefore alleges, that defendants profit when consumers click on hyperlinks on defendants' websites. Defendants share the advertising revenue with companies that help serve advertising on defendants' websites.

33.     Defendants knowingly seek to register domain names that closely resemble the marks of well-known, legitimate businesses, because these domain names will win the most consumer traffic and provide defendants with the most clicks and the most advertising revenue.

34.     Defendants have been sued in federal courts and hailed before numerous Uniform Domain-Name Dispute Resolution Policy (UDRP) panels for cybersquatting on numerous occasions.

35.     The WIPO UDRP database lists 148 domain name disputes in which Ricks was a named respondent.   In 102 of those cases, the panel found that Ricks had registered the domain names in bad faith and ordered cancellation, or transfer to the complainant, of the domain at issue.

36.     The federal courts' PACER system shows that Ricks has been a defendant in 31 suits, some filed in this Court.   Defendants have never won a dispositive motion or trial when faced with cybersquatting allegations in federal court.

37.     Sometime during  or after May 2003, more than 22 years after Just Bulbs began offering its goods  and services under the JUST BULBS mark, defendants, registered  and in bad faith have used the domain  name justbulbs.com,  which  fully incorporates Just Bulbs'  JUST BULBS registered trademark.

38.     The registrant on file with the registrar is Gregory Ricks.    A true and correct copy of a printout of the registrar's WhoIs information for justbulbs.com is attached and made **Exhibit C** hereto.

39.    When consumers visit justbulbs.com, they are taken to Defendants' Website that operates at ww1.justbulbs.com (the "**Defendants' Website**").

40.    Defendants' Website provides advertising and hyperlinks, including advertising with hyperlinks to other retailers selling light bulbs.  True and correct copies of excerpts from the Defendants' Website from November 30, 2014, and the page of links resulting from the link entitled "Hard to Find Light Bulbs", are annexed and made **Exhibit D** hereto.  The excerpts show, for example, links to The Light Bulb SuperStore at 1000bulbs.com, to Kohl's at kohl's.com, to Home Depot at homedepot.com, and to Lowe's at lowes.com.

41.    Just Bulbs is informed and believes, and therefore alleges, that defendants profit when consumers click on hyperlinks on the Defendants' Website at the expense of the legitimate business of plaintiff whose mark defendants have misappropriated.

42.    Just Bulbs is informed and believes, and therefore alleges, that particular advertisements appear on the Defendants' Website because the third-party advertiser or affiliate has determined that they would be relevant based on the content of Defendants' Website.

43.    When a consumer looking for plaintiff Just Bulbs reaches Defendants' Website by mistake, the consumer is likely to click on various hyperlinks and is likely to be diverted from reaching Just Bulbs' own website.  Consumers are likely to be confused about whether Just Bulbs sponsors the Defendants' Website or they may simply be distracted by the website.  Either way, Just Bulbs loses opportunities to interact with consumers and loses the opportunity to make initial contact while defendants profit from using plaintiff's service mark, name and reputation.

44.    Defendants specifically changed from using justbulbs.com in connection with flower bulbs to using the URL in connection with light bulbs.  At the time defendants changed the goods and services offered on their website from flower bulbs to light bulbs, defendants knew of plaintiff (from, at a minimum, the WIPO UDRP proceeding in 2003), knew of the JUST BULBS registered service mark, and knew that Just Bulbs provides retail light bulb services.

8

45.      Defendants believed using justbulbs.com to sell light bulbs would be profitable and chose to use it for that purpose rather than an infinite number of other domain names that would offer less profit. As a consequence, defendants had a bad faith intent to profit from the mark. Defendants' conduct is willful and malicious, and this is an "exceptional" case within the meaning of section 35 of the Lanham Act, 15 U.S.C. § 1117.

46.      Defendants, therefore, in connection with providing their unlawful, deceptive, and sham advertising business in commerce, have used a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with another person, or as to the origin, sponsorship, or approval of defendants' goods, services, or commercial activities by another person. In so doing, defendants have damaged Just Bulbs and consumers.

47.      Defendants, by use of the JUST BULBS mark and its use of justbulbs.com in connection with light bulbs, have engaged in using a mark or trade name in commerce that has caused or is likely to cause dilution by blurring or dilution by tarnishment of the famous and distinctive JUST BULBS mark. Defendants willfully intended to trade on the recognition of the JUST BULBS mark and willfully intended to harm the reputation of the JUST BULBS mark. Defendants' actions, which were intentional and without Just Bulbs' permission, began after the JUST BULBS mark became famous and distinctive from other marks throughout the United States. Defendants have damaged plaintiff and consumers.

## FIRST CAUSE OF ACTION
### Infringement of Federally Registered Trademarks
### (Lanham Act § 32, 15 U.S.C. § 1114)

48.      Just Bulbs incorporates by reference and realleges paragraphs 1 through 47 of this Complaint as if set forth fully herein.

49.      By their actions described above, defendants have used in commerce, without plaintiff's consent, reproductions, counterfeits, copies or colorable imitations of plaintiff's registered service mark "JUST BULBS" in connection with the sale, offer for sale, distribution

and/or advertising of goods, such use being likely to cause confusion, to cause mistake, or to deceive.

50.     Upon information and belief, the foregoing conduct of defendants has been willful.

51.     The actions of defendants described in this Count constitute trademark infringement in violation of 15 U.S.C. § 1114. Defendants' actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to plaintiff for which plaintiff has no adequate remedy at law.

52.     The actions of defendants described in this Count have also caused damage to plaintiff for which plaintiff should be compensated by defendants.

53.     As a consequence of defendants' infringements, Just Bulbs is entitled to relief as set forth below.

**SECOND CAUSE OF ACTION**
**Federal Trademark and Unfair Competition Law**
**(Lanham Act § 43, 15 U.S.C. § 1125(a))**

54.     Just Bulbs incorporates by reference and realleges paragraphs 1 through 47 of this Complaint as if set forth fully herein.

55.     By their actions described above, defendants have, without plaintiff's consent, used in commerce a word, term, name, symbol, device, or any combination thereof, including, without limitation, plaintiff's mark "JUST BULBS" which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection and/or association of defendants with plaintiff, and/or as to the origin, sponsorship, and/or approval of defendants' goods by plaintiff.

56.     Upon information and belief, the foregoing conduct of defendants has been willful.

57.     The actions of defendants described in this Count constitute unfair competition in violation of 15 U.S.C. § 1125(a). Defendants' acts have caused and, unless enjoined by this

Court, will continue to cause serious and irreparable injury to plaintiff for which plaintiff has no adequate remedy at law.

58.     The acts of defendants described in this Count have also caused damage to plaintiff for which plaintiff should be compensated by defendants.

59.     As a consequence of defendants' violations, Just Bulbs is entitled to relief as set forth below.

**THIRD CAUSE OF ACTION**
**Federal Anti-Dilution Law**
**(Lanham Act § 43, 15 U.S.C. § 1125(c))**

60.     Just Bulbs incorporates by reference and realleges paragraphs 1 through 47 of this Complaint as if set forth fully herein.

61.     The JUST BULBS Mark is a valid and subsisting trademark in full force and effect.

62.     Plaintiff is the owner of the JUST BULBS service mark, which is a distinctive and widely recognized mark by the consuming public.

63.     Plaintiff is widely recognized as the designated source of goods bearing the JUST BULBS service mark.

64.      Defendants' willful use of the JUST BULBS service mark in the Domain Name dilutes the JUST BULBS service mark by blurring or tarnishment because the website operated by defendants at the Domain Name is not, in fact, operated by plaintiff.

65.     As a result of defendants' unlawful actions, the reputation of the JUST BULBS service mark has been harmed and plaintiff has suffered immediate and irreparable injury.

66.     Further, plaintiff has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

67.     As a consequence of defendants' violations, Just Bulbs is entitled to relief as set forth below.

## FOURTH CAUSE OF ACTION
### Anti-Cybersquatting Consumer Protection Act
### (Lanham Act § 43, 15 U.S.C. § 1125(d))

68.     Just Bulbs incorporates by reference and realleges paragraphs 1 through 47 of this Complaint as if set forth fully herein.

69.     Defendants' registration and use of the Domain Name violates the Lanham Act's Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

70.     The Domain Name comprises a mark that is distinctive as defined by 15 U.S.C. § 1125, and was distinctive, at the time of the registration of the Domain.

71.     Defendants' Domain Name for its website is substantially identical to and indistinguishable from the JUST BULBS service mark, and therefore, Defendants' Domain Name is confusingly similar to the JUST BULBS service mark under 15 U.S.C. § 1125(d)(1)(A)(ii)(I).

72.     Upon information and belief, defendants' actions were conducted in bad faith with an intent to profit from the use of the JUST BULBS service mark.

73.     Upon information and belief, defendants have no rights or legitimate interest in the Domain Name, and defendants have no good faith connection with the Domain Name, as it was adopted in bad faith.

74.     Upon information and belief, defendants have no use of the JUST BULBS service mark that would qualify as a bona fide noncommercial or fair use of the service mark in a website accessible under the Domain Name, but instead operate a commercial website intended to improperly divert internet customers from Plaintiff's Website to Defendants' Website at the Domain Name for commercial gain.

75.     Defendants' actions harm the goodwill of plaintiff, tarnish plaintiff's reputation and the JUST BULBS service mark, and create a likelihood of confusion as to the source, sponsorship, affiliation and endorsement of Defendants' Website by plaintiff.

76.     By virtue of these acts by the defendants, plaintiff has suffered, and will continue to suffer, damages and irreparable harm unless defendants are preliminarily and permanently enjoined by this Court from using the Domain Name to infringe the JUST BULBS service mark, and is ordered to transfer ownership of the Domain Name, as well as any other domains that may be discovered to be similarly infringing, to plaintiff.

77.     As a consequence of defendants' violations, Just Bulbs is entitled to relief as set forth below.

**FIFTH CAUSE OF ACTION**
**Injury to Business Reputation or Trade Name Under Texas Law**
**(Texas Business & Commerce Code § 16.29)**

78.     Just Bulbs incorporates by reference and realleges paragraphs 1 through 47 of this Complaint as if set forth fully herein.

79.     Defendants, through the conduct described above, are likely to injure Just Bulbs' business reputation or dilute the distinctive quality of the JUST BULBS mark, and have violated Texas Business & Commerce Code §16.29.

80.     As a consequence of defendants' violations, Just Bulbs is entitled to relief as set forth below.

**SIXTH CAUSE OF ACTION**
**Trademark Infringement and Unfair Competition Under Texas Common Law**

81.     Just Bulbs incorporates by reference and realleges paragraphs 1 through 47 of this Complaint as if set forth fully herein.

82.     Defendants have infringed upon the JUST BULBS mark and have engaged in unfair competition under Texas common law.

83.     As a consequence of defendants' violations, Just Bulbs is entitled to relief as set forth below.

## PRAYER FOR RELIEF

Plaintiff Just Bulbs seeks relief as follows:

a.     That the Court enter judgment in favor of Just Bulbs and against defendants on all causes of action;

b.     That the Court enjoin defendants from using the JUST BULBS mark in any manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with Just Bulbs; in any manner likely to dilute the distinctive quality of the JUST BULBS mark; or in any manner likely to injure Just Bulbs' business reputation or likely to be unfairly competitive with Just Bulbs;

c.     That the Court order transfer of the domain name justbulbs.com to plaintiff and enjoin defendants from registering, transferring, or using a domain name containing, confusingly similar to, or identical to the JUST BULBS mark.

d.     That the Court grant an award of defendants' profits and Just Bulbs' damages to Just Bulbs;

e.     That the Court treble its award of profits and damages to Just Bulbs pursuant to U.S.C. § 1117;

f.     That the Court grant Just Bulbs $100,000 in statutory damages for cybersquatting, if elected before final judgment, pursuant to 15 U.S.C. § 1117(d);

g.     That the Court grant an award of punitive damages for the willful and wanton nature of the defendants' unlawful acts;

h.     That the Court award Just Bulbs the costs of suit, including attorney's fees; and

i.     That the Court grant such additional relief as is just and equitable.

## DEMAND FOR JURY TRIAL

Just Bulbs hereby demands a jury trial for all issues triable by jury.

Respectfully submitted,

SCHWARTZ, JUNELL, GREENBERG
 & OATHOUT, L.L.P.

*/s/ Monica F. Oathout*
Monica F. Oathout
(TBN 07088230; Fed Id 8846)
Attorney in Charge
moathout@sjgolaw.com
909 Fannin, Suite 2700
Houston, Texas  77010
Tel:  (713) 752-0017
Fax:  (713) 752-0327

**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:
Mark S. Kaufman
KAUFMAN & KAHN
Kaufman@kaufmankahn.com
747 Third Avenue, 32nd Floor
New York, NY  10017
Tel.: (212) 293-5556