IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| Bulbs 4 East Side, Inc., | § | |
| d/b/a Just Bulbs, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-03672 |
| | § | |
| Gregory Ricks, and John Does | § | |
| 1 through 10, | § | |
| Defendant. | § | |

**<u>DEFENDANT'S ORIGINAL ANSWER</u>**

Defendant, Gregory Ricks, files this Original Answer to plaintiff Bulbs 4 East Side, Inc.'s original complaint.

**<u>A. Admissions and Denials</u>**

1.  Defendant admits that Bulbs 4 East Side, Inc. is the plaintiff, but denies that plaintiff is a leading supplier of light bulbs of any shape or size, that the defendant is a cybersquatter acting in bad faith, and the remaining allegations in paragraph 1.

2.  Defendant admits that it has registered the domain name www.justbulbs.com (the "Domain"), but denies that the Domain is being used for the sale of light bulbs and the remaining allegations in paragraph 2.

3.  Defendant admits the allegations in paragraph 3.

4.  Defendant admits the allegations in paragraph 4.

5.  Defendant admits the allegations in paragraph 5.

6.  Defendant admits the allegation that it has sometimes operated under the assumed name Motherboards.com, but denies the remaining allegations in paragraph 6.

7.  Defendant denies the allegations in paragraph 7.

8.  Defendant admits the allegations in paragraph 8.

9.  Defendant admits the allegations in paragraph 9.

10. Defendant lacks sufficient knowledge or information to form a belief on the truth of the allegations of paragraph 10.

11. Defendant lacks sufficient knowledge or information to form a belief on the truth of the allegations of paragraph 11.

12. Defendant admits that a WIPO arbitration was commenced against the defendant prior to this lawsuit, but lacks sufficient knowledge or information to form a belief on the remaining allegations of paragraph 12.

13. Defendant admits that the WIPO panel in the Superiority case denied plaintiff's complaint, that the respondent was not aware of the plaintiff's service mark, and that the respondent has a legitimate interest in using the domain name.  Defendant denies the remaining allegations in paragraph 13.

14. Defendant admits that plaintiff has accurately quoted the limited passages taken from the WIPO decision. Defendant further admits that he is not deliberately benefiting from the use of the trademark by funneling traffic to his website. Defendant denies any remaining factual applications of those quotations and any remaining allegations in paragraph 14.

15. Defendant lacks sufficient knowledge or information to form a belief on the truth of the allegations of paragraph 15.

16. Defendant admits that plaintiff commenced a second UDRP, but denies the remaining allegations in paragraph 16.

17. Defendant admits that plaintiff has paraphrased the arguments it attempted to make in the second WIPO complaint, but denies any factual application of those arguments and any remaining allegations in paragraph 17.

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant admits that plaintiff has accurately quoted the limited passages taken from the WIPO decision, but denies any factual applications of those quotations and any remaining allegations in paragraph 20.

21. Defendant admits that plaintiff has accurately quoted the limited passages taken from the WIPO decision, but denies any factual applications of those quotations and any remaining allegations in paragraph 21.

22. Defendant lacks sufficient knowledge or information to form a belief on the truth of the allegations of paragraph 22.

23. Defendant lacks sufficient knowledge or information to form a belief on the truth of the allegations of paragraph 23.

24. Defendant admits the allegations of paragraph 24.

25. Defendant admits the allegations of paragraph 25.

26. Defendant lacks sufficient knowledge or information to form a belief on the truth of the allegations of paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant lacks sufficient knowledge or information to form a belief on the truth of the allegations of paragraph 35.

36. Defendant lacks sufficient knowledge or information to form a belief on the truth of the allegations of paragraph 36.

37. Defendant admits that he has registered the domain name justbulbs.com but denies the remaining allegations in paragraph 37.

38. Defendant admits that Gregory Ricks is the registrant on file with the registrar, but lacks sufficient knowledge or information to form a belief on the truth of the remaining allegations of paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

## B. Affirmative Defenses

84. Plaintiff's "Just Bulbs" mark is a generic term for the goods and services in connection with which it is used. A generic term is one which identifies a genus or class of things or services, of which the particular item in question is merely a member.  *Union Nat'l Bank v. Union Nat'l Bank*, 909 F.2d 839, 845 (5th Cir. Tex. 1990). By Plaintiff's own admission in its complaint, it is a supplier of light bulbs.  Additionally, Plaintiff's website's home page, www.justbulbsnyc.com/Home.html, displays as a slogan and subtitle "The Light Bulb Store." Plaintiff's trademark registration covers the service in Class 41: retail store service specializing in ***light bulbs***. Plaintiff is using the mark, "Just Bulbs" to identify the genus or class of things or services it is providing, of which the particular item in question is merely a member. The plaintiff's use of the mark renders it generic, invalid, and/or unenforceable.

85. Defendant's use of plaintiff's just bulbs mark constitutes fair descriptive use. Fair use is appropriate when the allegedly infringing term is used not as a trademark, but fairly and in good faith only to describe to users the goods and services of a party. *Soweco, Inc. v.*

*Shell Oil Co.*, 617 F.2d 1178, 1185 (5th Cir. 1980). The "fair-use" defense, in essence, forbids a trademark registrant to appropriate a descriptive term for his exclusive use and so prevent others from accurately describing a characteristic of their goods. *Soweco*, 617 F.2d at 1185.   Defendant uses "just bulbs" fairly and in good faith only to describe the goods and services it provides to users.

86. Laches bars plaintiff's suit. Because the Lanham Act does not contain a statute of limitations, federal courts have referred to analogous state statutes of limitations to determine whether a presumption of laches should apply. *See Jaso v. Coca Cola Co.,* 2013 U.S. Dist. LEXIS 1722, 5 (S.D. Tex. Jan. 4, 2013); *citing Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 859 (N.D. Tex. 2009).  In Texas, a Lanham Act violation is governed by the four year statute of limitations under Texas law. *Mary Kay, Inc.* at 859-860 (N.D. Tex. 2009) (*citing Edmark Industries SDN. BHD. v. South Asia International (H.K.) Limited*, 89 F. Supp.2d 840, 846 (E.D. Tex. 2000) (*citing* TEX. CIV. PRAC. & REM. CODE § 16.004; *Derrick Manufacturing Corporation v. Southwestern Wire Cloth, Inc.*, 934 F. Supp. 796, 805 (S.D. Tex. 1996) (applying the Texas four-year fraud limitations period to Lanham Act claims))). Defendant has owned, continuously held, and/or operated a valid domain registration and website at the domain www.justbulbs.com since on or before May 6, 2003.  By information and belief, Plaintiff has known of Defendant's activity regarding this website since on or before May 6, 2003. Plaintiff filed its Original Complaint on December 23, 2014, over 10 years after it learned of Defendant's actions. Additionally, any noninfringing use of a mark is not relevant to a defense of laches. *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 205 (5th Cir. Tex. 1998).  Plaintiff's complaint involves conduct that is over a decade old -- two and a half times the limit -- and is the epitome of prejudicial untimeliness.

87. The statute of limitations bars plaintiff's suit. In Texas, a Lanham Act violation is governed by the four year statute of limitations under Texas law. *Mary Kay, Inc.* at 859-860 (N.D. Tex. 2009) (*citing Edmark Industries SDN. BHD.* at 846 (*citing* TEX. CIV. PRAC. & REM. CODE § 16.004; *Derrick Manufacturing Corporation* at 805 (applying the Texas four-year fraud limitations period to Lanham Act claims)).   Additionally, Plaintiff's claims involving Texas statutory and/or common law are also barred by the four-year statute of limitations in Texas.   TEX. CIV. PRAC. & REM. CODE § 16.004.   Alternatively, Plaintiff's claims involving Texas common law are barred by the two-year statute of limitations in Texas. *Edmark Industries SDN. BHD.* at 847; TEX. CIV. PRAC. & REM. CODE § 16.003. Plaintiff's claim accrued on May 6, 2003; plaintiff filed suit on December 23, 2014. Over ten years have passed since plaintiff's claim accrued and before it filed its complaint. Each of plaintiff's claims are at a minimum over two and a half times over the limit and are barred by their applicable statute of limitations.

88. Defendant specifically reserves the right to supplement, amend, and/or modify its answer and defenses, including the assertion of cross-claims, counter-claims, and/or third-party claims, to conform to such facts as may be revealed during discovery or otherwise.

## C. Prayer

89. For these reasons, defendant asks the court to enter judgment that plaintiff take nothing, dismiss plaintiff's suit with prejudice, assess costs against plaintiff, cancel plaintiff's Registration No. 1,234,998 as authorized by 15 U.S.C. §1119, find this to be an exceptional case and award defendant his reasonable attorney fees under 15 U.S.C. §1117(a), and award defendant all other relief the court deems appropriate.

Respectfully submitted this 10th day of February, 2015.

By: _____
Zachary Hiller,
Attorney at Law
Texas Bar #24074413
1415 North Loop West
Suite 1013
Houston, TX 77008
(832) 830-8016

**ATTORNEY IN CHARGE FOR**
**DEFENDANT GREGORY RICKS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was electronically filed with the Court to be served on all counsel of record by operation of the Court's ECF filing/notification system.

This 10th day of February, 2015.